# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JONTEZ T. TURNER, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-01146-DGK |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This case arises out of Movant Jontez T. Turner's ("Movant") conviction for being a felon in possession of a firearm, a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Pending before the Court is Movant's pro se "Motion Under 28 U.S.C. § 2255(e) Savings Clause" (Doc. 1). Movant argues that the Court imposed an unlawful sentence because the jury did not find the underlying facts that the Court used to determine Movant's sentencing range under the guidelines.

Movant pled guilty on February 9, 2011, without a plea agreement. On July 26, 2011, this Court sentenced Movant to 57 months' imprisonment. On March 19, 2012, the United States Court of Appeals for the Eighth Circuit affirmed the decision and sentence. Movant did not file a writ of certiorari with the Supreme Court. On November 12, 2013, Movant filed the pending motion, arguing his sentence was illegally enhanced in violation of *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

A one-year time-limit applies to a motion under § 2255 starting from the latest of the following: (1) the date on which the judgment of conviction becomes final; (2) the date on which any impediment to making a motion created by governmental action in violation of the

Constitution or laws of the United States is removed; (3) the date on which the Supreme Court initially recognized the right asserted, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) the date on which the movant could have discovered facts supporting the claim or claims presented through the exercise of due diligence. 28 U.S.C. § 2255(f). Motions which are not presented within these time limits should be dismissed as untimely. *Campa-Fabela v. United States*, 339 F.3d 993, 993-94 (8th Cir. 2003).

The date the conviction becomes final under § 2255(f)(1) is the date on which the time for filing an appeal expires. *Clay v. United States*, 537 U.S. 522, 525 (2003). A movant who has filed a direct appeal to the circuit court has 90 days from the date the circuit court denied the appeal, or the denial of a timely motion for rehearing or rehearing en banc, in which to file a petition for a writ of certiorari. *Id.* If no writ of certiorari is sought, the one-year clock begins when time to seek a writ of certiorari expires. Supreme Court Rule 13. Thus, Movant's sentence became final on June 18, 2012, 90 days after the Eighth Circuit Court of Appeals denied his appeal.

Movant filed the pending motion on November 12, 2013, thus unless some exception applies, he filed it five months too late. The only exception that might apply here is § 2255(f)(3), which allows a movant to file a habeas petition within one year of the date upon which a right newly recognized by the Supreme Court becomes retroactive. The exception does not apply to this case, however, because the *Alleyne* decision does not apply retroactively to cases on collateral review. *Mabery v. United States*, No. 13-cv-868-W-DGK, 2014 WL 3908218, at *2-3 (W.D. Mo. Aug. 11, 2014). Even if *Alleyne* applied retroactively, its holding would not govern this case, because *Alleyne* does not apply to sentencing guidelines calculations, only to factors which by law raise the statutory minimum sentence. *Alleyne*, 133 S.Ct. at 2155. Thus, the motion is untimely filed.

Because the motion is untimely filed, the Court need not hold a hearing on it before ruling. *Anjulo-Lopez v. United States*, 541 F.3d 814, 819 (8th Cir. 2008). And, for the reasons discussed above, the motion is DISMISSED WITH PREJUDICE as untimely filed. Finally, because no reasonable jurist would grant this motion, the Court declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Date:  August 18, 2013　　　　　　　　　/s/ Greg Kays
　　　　　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT